```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 EDGAR HERNAN PARRA SAAVEDRA,

                        Petitioner,                    MEMORANDUM & ORDER
                                                       21-CV-5418(EK)(VMS)

            -against-

 ALISON ESTEFFANY JIMENEZ MONTOYA,

                        Respondent.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

### I. Introduction

Petitioner Edgar Parra Saavedra and Respondent Alison Jimenez Montoya move to exclude certain documents and testimony from the evidentiary hearing record. The Court issues the following rulings on the various motions in limine and other applications pending.

### II. Petitioner's Motions

**A. Motion to Draw an Adverse Inference**

Petitioner asks for a "missing witness" instruction considering Respondent's decision not to testify in her own defense. *See United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988). However, this motion, ECF No. 59, is now moot, as Respondent has testified.

**B.  Motion to Exclude Certain Written Testimony**

*Written Testimony of Jimmy Fernando Jimenez-Meneses, ECF No. 74-2.*  Petitioner's motion, ECF No. 58, to preclude Mr. Meneses's written testimony (dated April 7, 2022), ECF No. 74-2, is GRANTED IN PART.[1]  Meneses's written testimony touches on the factual history of this case and also on Colombian law.  Large portions of the document consist of Meneses's factual recitation of events beyond his personal knowledge — for example, the testimony on pages 2-3 concerns an alleged conversation between the child, MPJ, and his father.  All such factual testimony is excluded.  Two categories of information contained in Meneses's statement will be admitted: (1) his testimony concerning Colombian law and the legal system, to the extent consistent with the scope of his expertise; and (2) his testimony concerning procedural developments in Respondent's legal proceedings in Colombia as to which Meneses has personal knowledge.  This written testimony is otherwise excluded.  Respondent is directed to resubmit Meneses's written testimony, in a manner comporting with this order, by the close of business on June 17.

---

[1] Petitioner previously objected to the admission of this and other written testimony on the ground that the statements were submitted without an oath in violation of 28 U.S.C. 1746.  These objections have been mooted, however, by ECF Nos. 74, 74-1, 74-2, and 74-3.

***Revised Written Testimony of Jimmy Fernando Jimenez-Meneses, ECF No. 102.*** Petitioner's motion, ECF No. 107, to exclude the updated statements from Meneses filed on May 24, 2022, ECF No. 102, is GRANTED IN PART. The portion of the testimony listing news articles is excluded on the grounds of hearsay and relevance. Petitioner also argued for exclusion on Rule 403 grounds; because of the "bad faith" delay in providing Spanish-to-English translation; Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, and American Bar Association Rule 3.7. I will not exclude this testimony on grounds of lateness or bad faith.

Petitioner has questioned Meneses's dual roles in this case — he represented Respondent in connection with her Colombian complaint and is also testifying here as an expert. Dual testimony, where a witness "testifie[s] both as an expert as a fact witness," is "not objectionable in principle," particularly where the "line between . . . opinion and fact witness testimony" is clearly demarcated and where the witness is subject to cross-examination. *United States v. Feliciano*, 223 F.3d 102, 121 (2d Cir. 2000).

Regarding Petitioner's argument pertaining to ABA Rule 3.7, Petitioner has not presented legal authority for the proposition that a paid advocate can never act as an expert witness. But even "the mere fact that [an expert] is an

3

employee of a party does not automatically disqualify him from rendering expert testimony." *Int'l Cards Co. v. MasterCard Int'l,* No. 13-CV-2576, 2016 WL 7009016, at *8 (S.D.N.Y. Nov. 29, 2016). Concerns about the expert's "potential bias go to the weight, not the admissibility, of his testimony." *Id.* "[C]ourts routinely permit expert testimony by parties, employees, and others with financial and other plain interests in the outcome of the litigation." *Knowledge Based Techs., Inc. v. Int'l Bus. Machines Corp.*, No. 96-CV-9461, 1998 WL 164791, at *1 (S.D.N.Y. Apr. 8, 1998). Given that even a party's employee may serve as be an expert witness, a party's former lawyer in a foreign proceeding also may so serve.

An attorney cannot, of course, act as a witness in a case in which they are an advocate. But no attorney in this case has done so. Meneses is Respondent's Colombian attorney; he has not filed a notice of appearance in this case. He has not spoken in court as an advocate. I granted Respondent's request that Meneses sit at counsel table, but I did not permit him to act as counsel in this case. In that regard, he is more like the case agent witness who sits at counsel table throughout the trial. Thus, he should not be prohibited from offering expert testimony on her behalf. Meneses's curriculum vitae indicates extensive professional experience in family law. Petitioner will be permitted to cross-examine Meneses, as

4

indicated. The parties shall propose a date to do so in a joint letter to the Court by close of business on June 13.

***Respondent's Written Direct Testimony, ECF No. 67.*** Petitioner's motion, ECF No. 79, to strike portions of Respondent's written direct testimony, ECF No. 67, is GRANTED. Petitioner argues that Respondent's statement that "around 4 AM Ryan finally learned about my past through what he claims was an email" is hearsay. This statement is not admissible to prove the truth of the matter asserted, namely that Ryan learned about her part through an email at 4 a.m. Petitioner also objects to Respondent's statement that Petitioner gained access to the contents of the Colombian investigation into her allegations of abuse, on the grounds that the testimony is speculative and hearsay. That portion of Respondent's statement is also excluded as hearsay.

***Written Testimony of Respondent's Cousin Donny Hernandez, ECF No. 74-1.*** Petitioner's motion, ECF No. 58, to preclude the written direct testimony of Hernandez, ECF No. 74-1, is GRANTED. Written testimony was to be received only for witnesses made available on cross-examination, and Respondent has indicated that she would not call additional witnesses and was resting her case. Transcript of Hearing Held on May 23, 2022, at 387:6-9, ECF No. 116. The testimony also suffers from

5

several of the evidentiary issues identified by Petitioner, but I need not reach those issues given Respondent's decision.

***Written Testimony of Respondent's Sister Maria Camila Rivera Montoya, ECF No. 74-3.***  Petitioner's motion, ECF No. 58, to preclude portions of Respondent's sister's testimony, ECF No. 74-3, is GRANTED.[2]  Respondent abandoned this testimony as well. Transcript of Hearing Held on May 23, 2022, at 387:6-9.

***Written Testimony of Respondent's Mother Sirley Montoya Perez, ECF No. 74.***  Petitioner's motion, ECF No. 58, to exclude Respondent's mother's testimony, ECF No. 74, is GRANTED. Respondent abandoned this testimony as well.  Transcript of Hearing Held on May 23, 2022, at 387:6-9.

**C.  Motion to Exclude Documentary Exhibits**

***Respondent's Exhibit C, ECF No. 45-3.***  Petitioner's motion, ECF No. 58, to exclude Respondent's Exhibit C, ECF No. 45-3, is DENIED.  This "exhibit" actually comprises many documents — it is more of a file than a document.  Respondent is directed to break Exhibit C into its component parts and file it on the docket as individual exhibits.  Respondent's complaint to Colombian law enforcement is admitted, both to establish the fact that the complaint was made and also for the limited

---

[2] Petitioner also moved to exclude on the grounds of 28 U.S.C. 1746 because the statement did not contain a date, but as of ECF 74-3, these objections have been mooted.

purpose of rebutting the claim that Ms. Montoya's testimony in this proceeding was fabricated. *See* Fed. R. Evid. 801(d)(1)(B). All supporting attachments and documents contained in this exhibit are otherwise excluded, except to the extent they were admitted on the record during the hearing. Exhibits C1 and C1-T are admitted, as discussed on the record.

***Respondent's Exhibit F, ECF No. 45-6.*** Petitioner's motion, ECF No. 58, to exclude Exhibit F ("Evidence of Marital Apartment with Ryan"), ECF No. 45-6, is GRANTED. These photos are excluded, as is all extrinsic evidence regarding what Petitioner contends was Respondent's plan to engage in "marriage fraud" for purposes of obtaining legal immigration status in the United States. The evidence is not admissible because of its relationship to Respondent's credibility; under Federal Rule of Evidence 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."

***Respondent's Exhibit G, ECF No. 45-7.*** Petitioner's motion, ECF No. 58, to exclude Respondent's Exhibit G ("Evidence of Ryan and Alison's Relationship"), ECF No. 45-7, under Federal Rules of Evidence 401, 403, and 901 is GRANTED, for the same reasons Exhibit F is excluded above.

***Respondent's Exhibit I, ECF No. 45-9.*** Petitioner's motion, ECF No. 58, to exclude Respondent's Exhibit I ("Incident

7

Information Slip"), ECF No. 45-9, is GRANTED. Petitioner objects to the police report of a domestic violence incident between Respondent and Portela on grounds of completeness and relevance. This exhibit will be excluded under Rule 401. The foundation for the alleged relevance — that Portela assaulted Respondent because of allegations he heard from Petitioner — has not been established. Even if it could be, the intervening actor here (Portela) would not be present in Colombia, and thus the relevance of this testimony to the "grave risk" issue is attenuated at best.

*__Respondent's Exhibit K, ECF No. 45-11.__* Petitioner's motion, ECF No. 58, to exclude Respondent's Exhibit K ("Texts between Edgar and Allison"), ECF No. 45-11, under Federal Rule of Evidence 403 is GRANTED IN PART. Pages 1 through 44 are between Respondent and her estranged husband in the United States, Portela. This is excluded based on relevance; it is confusing and lacks sufficient foundation. Fed. R. Evid. 403. However, Petitioner does not contest the authenticity of the remaining pages of the document, which consists of texts between Petitioner and Respondent. Respondent argues that these communications should be excluded as "irrelevant, confusing and without sufficient foundation." Pet.'s Motion in Limine 10, ECF No. 58. These texts are ADMITTED.

***Respondent's Exhibit L, ECF No. 45-12.*** Petitioner's motion, ECF No. 58, to exclude this exhibit, ECF No.45-12 ("Messages from Edgar to Alison about the plan that Ryan has about marriage fraud"), is GRANTED. This evidence is offered in connection with the marriage-fraud issue noted above with Exhibit F and is excluded for the reasons discussed there.[3]

***Respondent's Exhibit O, ECF No. 45-15.*** Petitioner's motion, ECF No. 58, to preclude this exhibit, ECF No. 45-15 ("Pictures of MPJ enjoying his life in NY), under Federal Rule of Evidence 401 and 403, is GRANTED. The photos are not relevant to the limited issue here: whether the child would be in grave risk of danger on his return to Colombia.

***Respondent's Exhibit P.*** Petitioner's motion, ECF No. 58, to exclude this exhibit, Resp.'s Ex. P ("Audios from Witnesses), is GRANTED.[4]

***Respondent's Exhibit Q.*** Petitioner's motion, ECF No. 58,to exclude this exhibit, Resp.'s Ex. Q. ("Audios of Edgar and MPJ while in U.S.)", on the grounds that the audio clips are "not useful or relevant." Pet.'s Mot. in Limine 11, ECF No. 58. This motion is GRANTED. The twenty-five untranslated audio

---

[3] Any question of Respondent's failure to testify is mooted following submission of Respondent's written direct testimony at ECF No. 67.

[4] Petitioner objected initially to untranslated recordings, but Respondent provided translations of the recordings in a letter to the Court. ECF No. 89. Nevertheless, no effort was made to introduce these recordings through a live witness.

clips of conversations between Petitioner and his son are excluded.

***Respondent's Exhibit R.***  Petitioner's motion, ECF No. 58, to exclude this exhibit, Resp.'s Ex. R. ("Evidence of Ryan and Alison's Relationship"), is GRANTED.  These documents, too, relate to the marriage-fraud issue; they are excluded for the reasons stated above.

***Respondent's Exhibit S.***  Petitioner's motion, ECF No. 58, to exclude this exhibit, Resp.'s Ex. S. ("Audio Clip of Ryan"), is GRANTED.  Respondent made no effort to lay a foundation for these recordings, and has offered no translation.  The material pertains to the marriage-fraud issue discussed above and will be excluded.

***Respondent's Exhibit T.***  Petitioner's motion, ECF No. 58, to exclude this exhibit, Resp.'s Ex. T. ("Videos of [MPJ] Enjoying His Life in New York"), under Federal Rules of Evidence 401 and 403, is GRANTED.  The videos are excluded on the ground of relevance.

C.  **Motion to Add Named Witnesses**

***Testimony from Ryan Portela.***  Petitioner seeks to call Mr. Portela as a fact witness to speak to Respondent's credibility as well as the totality of the circumstances in the event Respondent establishes a grave risk of harm.  Pet.'s Letter dated May 25, 20-22, at 1, ECF No. 111.  The motion is

10

DENIED. Pursuant to Federal Rule of Evidence 608(b), as noted, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." To the extent these topics would have been relevant to Respondent's credibility, Petitioner's lawyers had the opportunity to question Respondent about her relationship with Portela and her immigration status on cross.[5] The motion to admit extrinsic evidence is denied.

***Testimony from Miriam Sofia Atencio Gomez.*** Petitioner also seeks to introduce additional written testimony from his expert witness, Miriam Sofia Atencio Gomez. Pet.'s Letter dated May 25, 2022, at 3, ECF No. 111. The motion is DENIED. Petitioner seeks to question his expert witness about Meneses's updated report, including the "new allegations of corruption in Colombia," as well as Respondent's in-court testimony that she had "approached an agency for assistance and been turned away. *Id*. Petitioner "wishes to respond to Respondent's new allegations regarding difficulty obtaining assistance from Colombian agencies." *Id*. However, there is nothing for Atencio Gomez to respond to anew in the revised testimony. The information was available prior to Atencio Gomez's testimony at

---

[5] On May 16, I sustained certain objections to questions about Respondent's immigration status but invited Petitioner's counsel to submit a letter on the topic. He never did.

11

the hearing.  Petitioner was aware from the outset of this case that ameliorative measures could be part of the case in the event that the Court concluded Respondent had established a grave risk of harm if the child was returned to Colombia.  And Respondent's live testimony was concluded on May 17, a week before Petitioner presented Atencio Gomez on the stand on May 25.

D.  **Motion to Admit Additional Exhibits**

*Family Commiseria Records.*  Petitioner's motion, ECF No. 115, to admit records from the Colombian government documenting Petitioner's access and communications with the Family Commiseria is GRANTED.  Petitioner's proposed exhibits 37 and 38 are received.

## II.  Respondent's Motions

A.  **Exclude Documentary Exhibits**

*Petitioner's Exhibit 31, ECF No. 51-31.*  Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-31 ("Translated transcripts of Voice Messages Voice messages and audio between Respondent and Portela"), is GRANTED.  These communications relate to the marriage-fraud issue discussed above.

*Petitioner's Exhibit 16, ECF No. 51-16.*  Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-16 ("NYPD Incident Report concerning Portela dated February 17,

12

2021), is GRANTED.  The incident report and related materials pertain to Portela, who is not a party.  Thus the reasons for excluding  Respondent's Exhibit I, *supra*, apply here with equal force.  The following exhibits relating to the domestic violence charges against Mr. Portela shall also be excluded on this basis.

*Petitioner's Exhibit 17, ECF No. 51-17.*  Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-17 ("Criminal Charges Against Portela, March 1, 2021"), is GRANTED.

*Petitioner's Exhibit 18, ECF No. 51-18.*  Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-18 ("Vacated Order of Protection Against Portela"), is GRANTED.

*Petitioner's Exhibit 19, ECF No. 51-19.*  Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-19 ("Dismissal of all criminal charges against Portela January 24, 2022"), is GRANTED.

*Petitioner's Exhibit 20, ECF No. 51-20.*  Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-20 ("Dismissal of all criminal charges against Portela January 24, 2022"), is GRANTED.

*Petitioner's Exhibit 21, ECF No. 51-21.*  Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-21 ("Summons and Notice - Action to Annul a Marriage with

Respondent – February 16, 2021"), is GRANTED, for the reasons stated in relation to Respondent's Exhibit F above.

***Petitioner's Exhibit 22, ECF No. 51-22.*** Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-22 ("Verified Complaint by Portela to Annul Marriage"), is GRANTED. These exhibits concern the marriage fraud issue as well.

***Petitioner's Exhibit 23, ECF No. 51-23.*** Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-23 ("Ex. 23 – Verified Answer by Resp. in Marriage Annulment Action"), is GRANTED.

***Petitioner's Exhibit 26, ECF No. 51-26.*** Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-26 ("State Liquor Authority docket for Resp.'s Workplace"), under Federal Rules of Evidence 401 and 403, is GRANTED.  Petitioner has failed to establish a foundation that evidence of the conditions at Respondent's place of employment will be relevant to the legal issues in this case.

***Petitioner's Exhibit 27, ECF No. 51-27.*** Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-27 ("Promotional Materials for Resp.'s Workplace"), under Federal Rules of Evidence  401 and 403, is GRANTED for the same reasons as Exhibit 26.

***Petitioner's Exhibit 28, ECF No. 51-28.*** Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-28

("Promotional Materials for Resp.'s Workplace Which Featured Respondent"), under Federal Rules of Evidence 401 and 403, is also GRANTED.

***Petitioner's Exhibit 29, ECF No. 51-29.*** Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-29 ("MPJ school registration in New York"), is GRANTED on the grounds of relevance. If a grave risk is established and the equities are contested thereafter, either party can seek to renew the motion to admit this evidence.

***Petitioner's Exhibit 30, ECF No. 51-30.*** Respondent's motion, ECF No. 57, to exclude this exhibit, ECF No. 51-30 ("US News and World Report Ranking MPJ's school in NY"), is GRANTED on the same basis as Exhibit 29.

**B.  Motion to Exclude Expert Testimony**

***Petitioner's Experts' Statement Miriam Sofia Atencio Gomez and Nadia Rubi Martinez, ECF No. 53.*** Respondent sought to exclude this testimony, ECF No. 53, on various grounds, and her motion, ECF No. 104, is DENIED. Respondent argues that the affidavit was not properly formatted, does not explain the signors' experience, and was signed by two people with no indication as to who wrote what part. Resp. Mot. dated May 25, 2022, at 1-2, ECF No. 104. The Court has the *curriculum vitae* of Atencio-Gomez, ECF No. 53-1, which explains her experience. Ms. Atencio Gomez testified that she subscribed to the report in

15

its entirety; and she will be made available for cross-examination as appropriate.  Respondent also alleges that Respondent's written statement is hearsay because it is "merely a recitation of law" and "is not based on the signors' own personal experiences with these laws nor how [they] would be applicable to the case at hand."  Resp.'s Mot. at 2.  That objection sounds in relevance rather than hearsay.  In any event, "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Fed. R. Civ. P. 44.1; *see also United States v. Locascio*, 6 F.3d 924, 938 (2d Cir. 1993) (explaining that "expert witnesses can testify to opinions based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions").

    SO ORDERED.

                         /s/ Eric Komitee
                         ERIC KOMITEE
                         United States District Judge

Dated:    June 8, 2022
           Brooklyn, New York