```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  EDGAR HERNAN PARRA SAAVEDRA,

                        Petitioner,            MEMORANDUM & ORDER
                                               21-CV-5418(EK)(VMS)
          -against-

  ALISON ESTEFFANY JIMENEZ MONTOYA,

                        Respondent.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The court has received Magistrate Judge Scanlon's Report and Recommendation (R&R) dated February 23, 2024. ECF No. 196. Judge Scanlon recommends that Petitioner's motion for attorneys' fees be granted in significant part, and that Petitioner be awarded $128,363.31 in legal fees and expenses incurred in securing the child's return. Neither party has filed objections and the time to do so has expired. Accordingly, the Court reviews Judge Scanlon's recommendation for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord* S*tate Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013). Nevertheless, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Having reviewed the record, I find no error at all in Judge Scanlon's comprehensive calculations and determinations regarding which expenses are duplicative, inaccurately contrived, or inadequately supported. I therefore adopt these calculations in their entirety. However, having presided over the trial, I view the equities of the case in a slightly different light. For the reasons that follow, I reduce the award amount by thirty percent.

While "a prevailing petitioner in a return action is presumptively entitled to necessary costs," this presumption is "subject to the application of equitable principles by the district court." *Ozaltin v. Ozaltin*, 708 F.3d 355, 375 (2d Cir. 2013). Further, "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the relevant considerations." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). Two such considerations include the financial hardship that an award of costs and fees may inflict on the respondent, and the fact of intimate partner violence as an impetus for the removal of the child.

First, in assessing the appropriateness of an award of expenses, courts may consider the financial situation of the respondent and the potential hardship that such an award would cause. *See Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004).

2

This inquiry tends to focus on whether the award would negatively impact the child, thus rendering it "clearly inappropriate." *Id.*; *Norinder v. Guentes*, 657 F.3d 526, 536 (7th Cir. 2011). However, courts "may reconsider the Mother's financial circumstances when determining the *amount* of fees to be awarded" even when "the Mother has not proven that *any* award of fees would be clearly inappropriate because of her financial circumstances." *Romanov v. Soto*, No. 21-CV-779, 2022 WL 3646325, *5-*6 (M.D. Fla. Aug. 24, 2022); *see also, e.g.*, *Rydder v. Rydder*, 49 F.3d 369 (8th Cir. 1995) (reducing fee award from $18,487.42 to $10,000 due to respondent's "straitened financial circumstances"); *Hirts v. Hirts*, 152 F. App'x 137 (3d Cir. 2005) (affirming reduction in award "upon consideration of Appellees' financial circumstances"). A reduction of twenty five percent of the requested legal fees was made in *Whallon*, because respondent demonstrated that she was "unable to pay for it, living on loans from family and friends." 356 F.3d at 139.

The same is true in this case. As Judge Scanlon noted, Respondent's reported annual income for 2022, according to her tax returns and declaration, was roughly $13,500, which she earned babysitting and supplemented by driving for Uber and Lyft. *See* ECF Nos. 184, 184-1, 184-4. Although she has since been employed by Fast Solutions Services Corp., earning $900 per week, *see* ECF No. 184-2 at 6, and her bank accounts reveal

3

deposits and expenses she has not fully accounted for, it appears clear that she is unable to pay the full six-digit award of fees, on top of her own legal and living expenses. Further, it is worth noting that Petitioner, who was working as a civil engineer when he and Respondent met, was making roughly $400,000 per year. *See* ECF No. 108, Tr. 277:25-278:5. Based on this significant financial imbalance, and Respondent's demonstrated inability to pay the full amount of an expense award, reduction is appropriate.

Second, when "the respondent's removal of the child from the habitual country is related to intimate partner violence perpetrated by the petitioner against the respondent, the petitioner bears some responsibility for the circumstances giving rise to the petition" such that an award of fees and expenses may be clearly inappropriate. *Souratgar v. Lee Jen Fair*, 818 F.3d 72, 79 (2d Cir. 2016). While the evidence here was insufficient to make out a "grave risk" defense, it did reveal certain instances of "unilateral intimate partner violence." *Id.* at 74-75. These, too, should be considered as "a relevant equitable factor" in determining an award of expenses. *Id.* As this court laid out in greater detail in the Findings of Fact and Conclusions of Law, Petitioner engaged in — and admitted to — abusive conduct, including instances of choking and biting the Respondent and calling her derogatory

4

names, sometimes in the presence of other family members, for multiple years during their relationship.  *See* ECF No. 162 at 7-9, 51.  Although the evidence of this conduct was insufficient to meet the high burden for an Article 13(b) exception, *see id.* at 51-56, this court still found the abuse described to be "credible," *id.* at 10, 58.  As such, this behavior warrants inclusion among the instant equitable considerations.  Taken together with the financial disparity discussed above, I find that a thirty-percent reduction in the legal fees and expenses incurred in securing M.P.J.'s return is appropriate.

      For the reasons set forth above, I adopt the Report and Recommendation in part.  Petitioner's motion is granted in part and petitioner is awarded legal fees and expenses in the amount of $89,854.32; the motion is denied as to nontaxable personal expenses.  The Clerk of Court is respectfully directed to close the case.

    SO ORDERED.

                                           /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    May 9, 2024
           Brooklyn, New York